IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLINTON JAMES PEARSON, JR.,            )
AIS #155536,                           )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )   CIVIL ACTION NO. 2:17-CV-738-WHA
                                       )
JOHN HARTLEY, et al.,                  )
                                       )
            Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Clinton James Pearson, Jr., on October 21, 2017.  Pearson is an indigent Alabama inmate

currently incarcerated at the William E. Donaldson Correctional Facility on concurrent

life sentences for three first degree robbery convictions imposed upon him by the Circuit

Court of Montgomery, Alabama on March 3, 1997.  *See Pearson v. Bullard, et al*., 2:02-

CV-924-WHA-SRW (M.D. Ala. 2003).[2]

---

[1] All documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] This court takes judicial notice of its own records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).  In *Pearson v. Bullard, supra*, Pearson's first federal habeas corpus action, this court denied Pearson relief from his 1997 robbery convictions as he filed the petition outside the statute of limitations.  Thereafter, the court summarily dismissed four subsequent habeas actions filed by Pearson as successive in accordance with the directives of 28 U.S.C. § 2244(b)(3)(A).  *See Pearson v. Garrett, et al*., 2:07-CV-748-MHT-SRW (M.D. Ala. 2007); *Pearson v. Culliver, et al*., Civil Action No. 10-CV-526-ID-SRW (M.D. Ala. 2010); *Pearson v. Patterson, et al.*, Civil Action No. 2:13-CV-454-WHA-SRW (M.D. Ala. 2013); *Pearson v. Hetzel, et al.*, Civil Action No. 2:14-CV-100-MEF-SRW (M.D. Ala. 2014).

Pearson complains that during his 1997 state criminal proceedings the trial court failed to refer him for an out-patient mental health evaluation.  Doc. 1 at 3.  Pearson also challenges (1) the jurisdiction of the trial court to impose judgment and sentence upon him for his three robbery convictions, (2) the sufficiency of the evidence to support his convictions,[3] and (3) the representation provided by trial counsel.  *Id*.  Pearson names John Hartley, his trial counsel; Ellen Brooks, the District Attorney at the time of his convictions; and the Attorney General for the State of Alabama as defendants.  He seeks acquittal on the robbery convictions and monetary damages.  *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[4]

## II.  DISCUSSION

### A.  Attorney John Hartley

Pearson alleges that his trial counsel, John Hartley, violated his constitutional right to effective representation during the state criminal proceedings when Hartley did not obtain an out-patient mental health evaluation for him and failed to challenge the

---

[3] On March 3, 1997, Pearson entered guilty pleas to three counts of robbery in the first degree before the Circuit Court of Montgomery County, Alabama.  *Pearson v. Bullard, et al.*, 2:02-CV-924-WHA-SRW (M.D. Ala. 2003).  The guilty plea colloquy demonstrates that "[t]he court . . . explained to [Pearson] all Constitutional rights. The court is convinced that [Pearson] comes into the Court voluntarily and understands all Constitutional rights… .  [T]he record affirmatively shows colloquy between the Judge and [Pearson] as to [Pearson's] full and complete understanding as to Constitutional rights and as to all the waivers that a guilty plea effects and the consequences thereof."  *Id*. – Doc. 10 at 2.

[4] The court granted Pearson leave to proceed *in forma pauperis* on November 28, 2017 (Doc. No. 4).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

jurisdiction of the trial court to render judgment and impose sentence.  Doc. No. 1 at 3.

In accordance with applicable federal law, these allegations entitle Pearson to no relief

from this court under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state

law committed the asserted constitutional deprivation.  *American Manufacturers Mutual*

*Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999);

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a
> plaintiff] must establish that [he was] deprived of a right secured by the
> Constitution or laws of the United States, and that the alleged deprivation
> was committed under color of state law. . . .  [T]he under-color-of-state-law
> element of § 1983 excludes from its reach "'merely private conduct, no
> matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991,
> 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*,
> 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))… . [Consequently,]
> state action requires ***both*** an alleged constitutional deprivation "caused by
> the exercise of some right or privilege created by the State or by a rule of
> conduct imposed by the State or by a person for whom the State is
> responsible," ***and*** that "the party charged with the deprivation must be a
> person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil
> Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg
> Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185
> (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted)

(emphasis in original).

The law is well-settled that an attorney who represents an individual does not act

under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal*

*District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-

appointed attorneys, are not official state actors and … are not subject to suit under

section 1983.").  Since the conduct about which Pearson complains was not committed by a person acting under color of state law, the claims presented against defendant Hartley lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  District Attorney Ellen Brooks and the Attorney General

"A prosecutor is entitled to absolute immunity for all actions he [or she] takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests

during the sentencing phase of the process. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431).

The claims presented by Pearson relate solely to actions undertaken by the District Attorney and Attorney General while they engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which these defendants are entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Pearson's claims against District Attorney Brooks and the Attorney General are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### C.  The Challenges to Pearson's Convictions

Pearson challenges the constitutionality of actions which resulted in his 1997 convictions for first degree robbery. Doc. No. 1 at 3. The claims presented in the complaint go to the fundamental legality of Pearson's convictions and his current incarceration on the sentences imposed for these convictions. Consequently, Pearson is entitled to no relief on his claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]"

*Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* holds that a state inmate "making a collateral attack on his conviction … may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Bailey v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue … is not the relief sought, but the ground of the

challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging his conviction "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Pearson's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his 1997 robbery convictions.  512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Consequently, the claims presented by Pearson challenging the constitutionality of his state convictions are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against John Hartley be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims against District Attorney Ellen Brooks and the Attorney General for the State of Alabama be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3.  The plaintiff's challenges to the constitutionality of the robbery convictions imposed upon him by the Circuit Court of Montgomery County, Alabama on March 3, 1997 be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as such claims are not properly before the court in this cause of action.

4.  This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before **January 25, 2018** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir.

R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 11th day of January, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge